### Henry G. Harmening, Appellee, v. Henrietta Coal Company, Appellant.

INSTRUCTIONS—*must not ignore material issue.* An instruction which concludes with a direction to the jury should not omit reference to any material issue in the cause.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1908. Affirmed. Opinion filed June 15, 1909.

WISE, McNULTY & KEEFE, for appellant.

BROWN & GEERS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On September 9, 1907, appellee, a man twenty-eight years of age, was injured while employed in appellant's mine near Edwardsville, Illinois, by a large piece of slate or clod, which fell on him from the roof of the room where he and his father were at work. Both of them concluded some days before the injury that the roof needed timbering and ordered timbers for that purpose, including cross bars. Several props appear to have been furnished them, but they both testified that no cross bars, such as were ordered by them, were ever

furnished, for the reason, as stated to them by the mine manager, there were none; that the mine manager however told them there were two big logs on top and these the father asked to be sent down in order that he and his son might use them if possible; that after some delay the two timbers referred to were sent down and one of them, the smaller, put in place by appellee and his father, but the other timber was not used for the reason it was so large they could not put it up in place.

On the day in question, appellee and his father went to their room to go to work about 7:20 A. M. As they reached their working place, appellee said, ''Pa, we had better get out, it is going to come down'' and the father replied ''Well, we will try it again.'' Appellee thereupon stooped over and picked up a piece of slate from the floor with both hands, and was laying it aside, when he was struck by the fall from the roof.

Appellee brought suit, under the act in relation to Mines and Miners, charging in his declaration, first, a wilful failure on the part of appellant to furnish a sufficient supply of caps, props and timbers, delivered on the miners' cars at the usual place, in suitable lengths and dimensions for the securing of the roof by appellee, after a demand for the same by appellee; that by reason of such wilful failure and neglect on the part of appellant, certain rock, slate, dirt and clod fell from the roof of appellee's room and injured him; second, wilful failure and neglect on the part of appellant to cause appellee's room to be examined, a report of conditions then existing made and recorded, and the dangerous places to be marked. Plea of general issue. Verdict and judgment for appellee for six hundred dollars.

The proofs wholly failed to sustain the second charge of the declaration and, so far as the facts are concerned, the case hinges on the question whether appellee made out his case under the first charge. Appellee and his father both testified to the necessity of support for the roof of their room, the orders given

by them for cross bars, and the failure of appellant to furnish a sufficient number of the same to afford proper support. In their statement that the timber which they called a log, could not be used by them as a cross piece, they were corroborated by a witness produced by them.

The mine manager, Lawson, who was a witness for appellant, admitted the demand for nine foot cross-bars, and claimed that he sent in some 3 or 4, all of which were used before the injury occurred, except the one appellee and his father called the log. He further testified that the unused timber could have been used as a cross-bar and that two men could have put it up. Some three or four other witnesses examined on behalf of appellant, some of whom measured the timber, also testified that it could have been set up and used as a cross-bar.

It clearly appeared from all the testimony that the bar in question was larger than the ordinary bars used for cross-bars although Lawson testified that cross-bars that size had been used in the mine. Whether the timber furnished by appellant was of suitable dimensions to be used as a cross-bar at the place where it was needed and whether appellee and his father could have set it up in that place, were close questions of fact, which should properly be finally determined by the verdict of the jury.

It is contended by appellant that even if wilful failure on the part of appellant to furnish suitable cross-bars had been shown, yet such failure was not the proximate cause of appellee's injury, for the reason that on Saturday prior to the Monday on which the injury occurred, a shot fired in appellee's room had knocked down several props as well as some coal; that before the cross-bars could be set up, at the place where appellee was injured, certain gob and coal would have to be removed and that appellee was engaged in this work when the fall from the roof occurred. This claim however is fully met by the testimony of appellee and his father who swore that they had ordered

the cross-bars six days before the injury occurred and had they been supplied within a reasonable time, they would have been set up and the roof properly supported before the shot was fired on the preceding Saturday.

Appellant complains of the refusal of two of its instructions. One of them told the jury if they found from the evidence that the rock which fell on the "deceased" was sounded that morning and was apparently sound or solid and that it fell without warning and without the negligence of any person, appellee could not recover. In addition to technical inaccuracies, this instruction omitted all reference to appellee's charge of a wilful failure to furnish a sufficient supply of caps, props and timbers and was therefore rightly refused. The other refused instruction stated that the appellee could not recover if the jury believed from the evidence there was gob and coal to be removed before the place which fell could be cross-barred, and that until this was done cross-bars could not be used. This instruction improperly ignored the question whether the cross-bars could have been set in place in safety before the time of the injury, had they been furnished within a reasonable time after demand for the same was made by appellee and his father.

An examination of the instructions given in the case discloses that those given for appellee are not subject to any substantial criticism and that the twenty-four given for appellant fully presented the law applicable to appellant's lines of defense.

The judgment of the court below will be affirmed.

*Affirmed.*